THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By DAVID L. BRODIE, Senior Deputy (SBN 156855)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone:  (619) 531-4871
Facsimile:  (619) 531-6005
E-mail: david.brodie@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS McMANUS SR., an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF SAN DIEGO, a public entity; CITY OF SAN DIEGO, a public entity; POLICE OFFICERS ERNESTO LUNA (ID# 3779), MARI KONG (ID# 5850), SGT. THOMAS SULLIVAN (ID# 4676), SGT. ANTONIO JOHNSON (ID# 3816), DETECTIVE DAN BUROW (ID# 5268) and LT. A. SMITH (ID# 3472); SOCIAL WORKER DEFENDANTS JENNIFER MARK and WANJIRU GOLLY, CHARLES COX JR., an individual, and DOES 1 through 100, inclusive,<br><br>    Defendants. | No. 15cv00138-JM (RBB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS THE COMPLAINT'S *MONELL*-RELATED CLAIM**<br>[Fed. Rule Civ. Proc. § 12(b)(6)]<br><br>Date:    June 8, 2015<br>Time:   10:00 a.m.<br>Courtroom 5D (Schwartz)<br>Judge:  Hon. Jeffrey T. Miller<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]** |

# I

# INTRODUCTION

Plaintiff Carlos McManus, Sr. cannot state a claim for relief against Defendant County of San Diego because he has not alleged that his rights were violated by a County employee pursuant to County policy.  Plaintiff complains that his rights were violated when County social workers, at the request of City police officers, removed his son from

15cv00138-JM (RBB)

school and brought him to the County's Polinsky Children's Center without plaintiff's consent. But the complaint fails to state a valid claim for relief against the County because it does not identify a County policy, custom, or practice that caused plaintiff's rights to be violated by a County employee. Thus, the Court should dismiss plaintiff's *Monell*-related claims against the County.

## II

## FACTS ALLEGED IN COMPLAINT

Plaintiff alleges that on January 22, 2013, an acquaintance, Charles Cox, Jr., asked if plaintiff's 12 year-old son C.M. could stay at Cox's house for a couple days. (Complaint at ¶ 15.) Even though plaintiff said no, Cox took C.M. to Cox's home. (*Id.*) Plaintiff called the San Diego police, but instead of returning C.M. home to plaintiff, they brought him to Polinsky. (*Id.*) County social workers investigated the incident, determined that C.M. had not been abused, and did not bring a dependency case against plaintiff. (*Id.* at ¶ 19.)

On January 24, 2013, social workers told the San Diego police that they would return C.M. to his father the next day, but the officers wanted C.M. to stay at Polinsky. With plaintiff's consent, C.M. was brought to Storefront, a shelter for teens. (*Id.* at ¶ 20.)

San Diego police continued to investigate the matter, and on April 9, 2013, a City police detective, Dan Burow, asked County social workers, as a "courtesy," to remove C.M. from his school and bring him to Polinsky. (*Id.* at ¶ 21.) County social workers Jennifer Mark and Wanjiru Golly (both named as defendants) picked up C.M. from his school and brought him to Polinsky. (*Id.*) Plaintiff alleges neither the social workers nor the police officers had evidence suggesting C.M. was in immediate danger or that he had been abandoned by his father. (*Id.*)

///
///
///
///

# III

# CAUSES OF ACTION ALLEGED AGAINST DEFENDANT COUNTY OF SAN DIEGO

The complaint's only claim against defendant County of San Diego is the Second Claim For Relief, which alleges that the County has policies, customs, and practices of removing children from their parents' care without adequate notice or an opportunity to be heard, detaining children from their parents' care after the basis for detention is negated, inadequately training its employees regarding removal of children from their parents' care, and removing children from their parents' care without a warrant or exigent circumstances. (Complaint at ¶ 36.)

# IV

# PLAINTIFF'S ALLEGATIONS MUST MEET THE "PLAUSIBILITY" STANDARD

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") provides that a pleading may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal is proper if a complaint lacks a cognizable legal theory, or if it lacks sufficient facts to support a cognizable theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the court must assume the truth of all factual allegations in the pleading and must construe them in the light most favorable to the non-moving party. *Gomper v. Visx, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). However, the allegations in the complaint must show that plaintiff is entitled to more than merely speculative relief. In fact, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To meet this "facial plausibility" standard, a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This standard "asks for more

than a sheer possibility that a defendant has acted unlawfully" and requires facts that are more than "merely consistent with" a defendant's liability. *Id.*

A complaint must do more than "tender[] naked assertions devoid of further factual enhancement" (*Id.*, quotes omitted) or contain a merely "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555. Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require detailed factual allegations, plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 1949, citing *Bell Atl. Corp.* at 555.

Where a plaintiff alleges civil rights violations, it is insufficient to make vague and conclusory allegations concerning official conduct or involvement by the government. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The court is not required to accept as true legal conclusions couched as factual allegations, particularly if those conclusions cannot be reasonably drawn from the alleged facts. *Cholla Ready-Mix Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Indeed, the court need not accept *any* legal conclusions as true. *Iqbal*, 129 S.Ct. at 1949. "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 969, 988 (9th Cir. 2001).

V

**LOCAL GOVERNMENTS CAN BE SUED WHEN UNLAWFUL POLICIES OR PRACTICES CAUSE VIOLATIONS OF CONSTITUTIONAL RIGHTS**

Although the complaint's Second Claim for Relief doesn't specifically cite 42 U.S.C. section 1983 ("section 1983"), it alleges that the County's policies and procedures caused a violation of plaintiff's constitutional rights, which thus invokes section 1983. (See *Monell v. Department of Social Services*, 436 U.S. 658, 689, 694 (1978).)

Local governments may be sued under section 1983, but not merely because their employee commits wrongdoing. *Monell*, 436 U.S. at 689, 694. Instead, "local

governments are responsible only for their *own* illegal acts," which means that they cannot be held vicariously liable under section 1983 for their employees' actions. *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (emphasis in original; internal citation and quote omitted); see also *Iqbal*, 129 S.Ct. at 1948.  Therefore, it is only when "execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.  In other words, local governments may be liable under section 1983 only when "action pursuant to official municipal policy" caused the alleged violation. *Id.* at 691.

     To prevail on his claim that the County had unlawful policies, customs, or practices, plaintiff must prove the following elements of municipal liability:

(1)    Plaintiff's constitutional right was violated by a County employee;

(2)    The violation was pursuant to a formal County policy or a long-standing practice or custom; and

(3)    The policy was the "moving force" behind the violation.

*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Board of Comm'rs of Bryan Cty. v. Brown ("Bryan Cty.")*, 520 U.S. 397, 404 (1997).

     To show municipal liability, plaintiff must either identify the policy that caused his injury (*Bryan Cty.*, 520 U.S. at 403), or, if plaintiff cannot identify a formal governmental policy, plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Trevino*, 99 F.3d at 918 (citations omitted).  The custom must be more than one or even a few incidents; it must be so "persistent and widespread" that it becomes, in effect, a "permanent and well settled [government] policy." *Monell*, 436 U.S. at 691.  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918 (cites omitted).

     Additionally, for a policy, custom, or practice to constitute the "moving force" behind a constitutional violation, there must be a "direct causal link between the

1  municipal action and the deprivation of federal rights." *Bryan Cty.*, 520 U.S. at 404.  To
2  meet this "moving force" requirement, the "identified deficiency" in the government's
3  policies must be "closely related to the ultimate injury" such that, had the policy or
4  practice been different, the injury "would have been avoided." *Gibson v. County of*
5  *Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002) (citations omitted).

## VI

## PLAINTIFF'S *MONELL* CLAIM AGAINST THE COUNTY SHOULD BE DISMISSED BECAUSE NONE OF THE POLICIES OR PRACTICES NAMED IN THE COMPLAINT CAUSED A VIOLATION OF PLAINTIFF'S RIGHTS

10  The complaint alleges that County social workers violated plaintiff's Fourteenth
11  Amendment right to companionship with his son by doing a "courtesy transport" of C.M.
12  from his school to Polinsky, at the request of a City police detective.  (Complaint at ¶ 21.)
13  But the complaint does not allege the County had a policy, custom, or practice of
14  providing "courtesy transports" at the request of law enforcement.  For *Monell* liability,
15  there must be an allegation that the County has a policy, custom, or practice of
16  unlawfully removing minors from their schools at the request of non-County law
17  enforcement.  No such allegations are made.  Instead, the complaint merely makes
18  conclusory allegations of general policies and practices: detaining and/or removing
19  children from their parents' care without giving adequate notice of removal or
20  opportunity to be heard; detaining children for too long; failing to provide adequate
21  training regarding removal of children; and allowing removals of children without
22  warrants or exigent circumstances.  (*Id*. at ¶ 36.)  These allegations are far too broad,
23  general, and conclusory to survive a rule 12(b)(6) motion to dismiss.  (See *Iqbal*, 129
24  S.Ct. at 1949, requiring more than just "[t]hreadbare recitals of the elements of a cause of
25  action, supported by mere conclusory statements.")  Indeed, trial courts have repeatedly
26  rejected conclusory allegations that lack factual content from which one could plausibly
27  infer *Monell* liability.  For example, see *Via v. City of Fairfield*, 833 F. Supp. 2d 1189,
28  1196 (E.D. Cal. 2011), *Haley v. Gipson,* No. CV 11–787, 2011 WL 838919, at *2

(C.D.Cal. Feb. 28, 2011); *Telles v. City of Waterford,* No. 1:10–cv–00982 AWI SKO, 2010 WL 5314360, at *4 (E.D.Cal. Dec. 20, 2010); *Jenkins v. Humboldt Cnty.,* No. C 09–5899 PJH, 2010 WL 1267113, at *3 (N.D.Cal. Mar. 29, 2010); *Young v. City of Visalia,* 687 F.Supp.2d 1141, 1149–50 (E.D.Cal.2009).

In addition to being too general and conclusory, the complaint's *Monell* allegations fail to allege that a County policy or practice *caused* plaintiff's rights to be violated. This is the "moving force" requirement of a *Monell* claim: there must be a "direct causal link" between the policy or practice and the violation of a constitutional right, such that if the policy or practice had been different, the violation would not have occurred. *Bryan Cty.*, 520 U.S. at 404; *Gibson*, 290 F.3d at 1197. Here, plaintiff alleges his Fourteenth Amendment right was violated when County social workers removed his child from school and brought him to Polinsky at the request of a City of San Diego police officer. But there is no allegation in the complaint that a policy, custom, or practice of "courtesy transports" caused the social workers to make the "courtesy transport" of C.M. that allegedly violated plaintiff's rights.

Because the complaint's *Monell* allegations are too general and conclusory, and because there is no allegation of the existence of such a "courtesy transport" policy or practice that caused the violation alleged in the complaint, the Court should dismiss plaintiff's *Monell* claim against the County.

## VII
## CONCLUSION

Because the complaint fails to adequately allege facts that plausibly infer an unlawful County policy or practice caused a violation of plaintiff's rights, the Court should grant this motion and dismiss the *Monell* claim against the County.

DATED: April 28, 2015          THOMAS E. MONTGOMERY, County Counsel

By s/ *David L. Brodie*
DAVID L. BRODIE, Senior Deputy
Attorneys for Defendant County of San Diego
E-Mail: david.brodie@sdcounty.ca.gov