1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS McMANUS SR., | CASE NO. 15cv0138 JM(RBB) |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |
| vs. | |
| COUNTY OF SAN DIEGO; CITY OF SAN DIEGO; POLICE OFFICER ERNESTO LUNA; POLICE OFFICER MARI KONG; SGT. THOMAS SULLIVAN; POLICE OFFICER ANTONIO JOHNSON; DETECTIVE DAN BUROW; LT. A. SMITH; SGT. WILLS; JENNIFER MORK; WANJIRU GOLLY; and CHARLES COX SR., | |
| Defendants. | |

Defendants Wanjiru Golly, Jennifer Mork and County of San Diego ("County") move to dismiss the First Amended Complaint ("FAC") for failure to state a claim. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the motion appropriate for resolution without oral argument. For the reasons set forth below, the court grants the motion to dismiss and grants Plaintiff 15 days leave to amend from the date of entry of this order.

## BACKGROUND

The FAC, filed on May 19, 2015, alleges five claims for relief: violation of 42 U.S.C. §1983, a <u>Monell</u> claim, child abduction, intentional infliction of emotional

1    distress, and negligence.  The parties' submissions indicate that the events giving rise

2    to Plaintiff's claims concern investigations into possible child abuse.  Plaintiff's claims

3    arise from the following generally described allegations.

4         Plaintiff alleges that his 14 year-old minor son, C. M., was removed from his

5    care on two separate occasions.  On or about January 23, 2013, Defendant Charles Cox,

6    a private party, allegedly removed C. M. from Plaintiff's home against Plaintiff's

7    wishes.  (FAC ¶29).  Believing that Defendant Cox abducted C. M., Plaintiff reported

8    the incident to Defendant City of San Diego Police Department.   After the police

9    officers obtained physical custody of C.M., they transported him to the Polinsky

10   Children's Center ("Polinisky").  (FAC ¶31).  At Polinsky, C. M. was interviewed by

11   social workers and medical professionals conducted a medical examination of C. M.

12   and found no signs of physical injury or abuse.  (FAC ¶35-36).

13        On April 9, 2013, Defendant San Diego Police Officer Antonio Johnson

14   allegedly requested that Defendant Jennifer Mork, a social worker employed by

15   County, assist in removing C. M. from Plaintiff's custody and transporting him to

16   Polinsky.  (FAC ¶42).  Plaintiff alleges that Mork, and other Defendants,

17        interviewed, questioned, interrogated, and/or examined C.M. This
18        interview and examination was performed without Plaintiff's knowledge
          or consent, without notice to the Plaintiff, without a warrant or court order
          authorizing the examination, and in the absence of exigent circumstances.
19        In addition, the Plaintiff was completely excluded from C.M.'s interview
20        and examination, and was not permitted to be in close proximity or
          another nearby area.

21   Id.  Also, on April 9, 2013, Defendant Golly, a social worker employed by County,

22   interviewed C.M. without Plaintiff's approval, obtaining a warrant, or exigent

23   circumstances.  (FAC ¶49).  On April 11, 2013, Golly also allegedly made an

24   unannounced visit to C. M.'s school and interviewed him "without notice to Plaintiff,

25   without a warrant or court order  authorizing the examination, and in the absence of

26   exigent circumstances."  (FAC ¶51).

27   / / /

28   / / /

**DISCUSSION**

**Legal Standards**

General Pleading Requirements

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In

15cv0138

1  Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

2  Pleading Civil Rights Claims

3       Prior to Iqbal and Twombly, "a claim of municipal liability under § 1983 is

4  sufficient to withstand a motion to dismiss even if the claim is based on nothing more

5  than a bare allegation that the individual officers' conduct conformed to official policy,

6  custom, or practice."   Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir.2007).   In

7  addressing the impact of Iqbal and Twombly on the pleading standards for civil rights

8  cases, the Ninth Circuit recently stated:

9         we can at least state the following two principles common to all of them.
          First, to be entitled to the presumption of truth, allegations in a complaint
10        or counterclaim may not simply recite the elements of a cause of action,
          but must contain sufficient allegations of underlying facts to give fair
11        notice and to enable the opposing party to defend itself effectively.
          Second, the factual allegations that are taken as true must plausibly
12        suggest an entitlement to relief, such that it is not unfair to require the
          opposing party to be subjected to the expense of discovery and continued
13        litigation.

14  AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631,637 (9th Cir. 2012) (quoting

15  Starr v. Baca, 652 F.3d 1202 (9th Cir.2011)).

16  **Defendants' Mork and Golly**

17       An action under 42 U.S.C. §1983 has two elements: "(1) the defendants acted

18  under color of law, and (2) their conduct deprived [the plaintiff] of a constitutional

19  right." Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985).  A public official

20  is immune from an action under 42 U.S.C. § 1983 "[u]nless the plaintiff's allegations

21  state a claim of violation of clearly established law." Mitchell v. Forsyth, 472 U.S.

22  511, 526 (1985); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (qualified

23  immunity applies if official's conduct "does not violate clearly established statutory or

24  constitutional rights of which a reasonable person would have known"). In order to

25  determine whether the defendants are immune from an action, the court must answer

26  two questions: (1) whether Plaintiff alleges the violation of a constitutional right, and

27  (2) whether that right was clearly established. Pearson v. Callahan, 555 U.S. 223, 232

28  (2009) (leaving the courts to decide, in their sound discretion, which question to

1    answer first).  A right is "clearly established" if its contours are "sufficiently clear that

2    a reasonable official would understand that what he is doing violates that right."

3    Anderson v. Creighton, 483 U.S. 635, 640 (1987).

4         Here, Plaintiff's claims against Defendants Mork and Golly fail for three reasons.

5    First, to the extent Plaintiff seeks compensation for alleged wrongs to his son, Plaintiff

6    fails to state a claim.  Constitutional rights are personal and cannot be asserted on

7    behalf of other individuals.  See New York v. Ferber, 458 U.S. 747, 767 (1982).

8    Second, Plaintiff fails to allege how his Fourth and Fourteenth Amendment rights were

9    violated.  Plaintiff broadly alleges that his due process rights to parenthood were

10   violated when C.M. was interviewed by Mork and Golly.  While Plaintiff repeatedly

11   alleges that C.M. was interviewed without Plaintiff's consent, a court order, or exigent

12   circumstances, Plaintiff cites no legal authority for the proposition that a suspected 14

13   year old victim of child abuse cannot be interviewed by state actors absent parental

14   consent, a court order, or exigent circumstances.

15        Finally, the limited arguments and legal authorities cited by Plaintiff fail to

16   address whether it is clearly established under the Fourth and Fourteenth Amendments

17   that parental rights are violated whenever a 14 year-old minor child is interviewed in

18   the course of a child abuse investigation without the parent's consent, a court order, or

19   exigent circumstances.   To determine whether a right is clearly established, the court

20   evaluates the specific contours of the constitutional right, not at the general but at the

21   more specific level:

22       "The contours of the right must be sufficiently clear that a reasonable
23       official would understand that what he is doing violates that right.  This
         is not to say that an official action is protected by qualified immunity
         unless the very action in question has previously been held unlawful, but
24       it is to say that in the light of pre-existing law the unlawfulness must be
         apparent."
25

26   Anderson, 483 U.S. at 640.  Here, Plaintiff simply fails to cite any legal authority

27   recognizing a parent's constitutional right to have their 14 year-old minor child

28   interviewed by governmental agents in relation to a child abuse investigation only with

1  the parent's consent, a court order, or exigent circumstances.  As noted in <u>Devereaux</u>

2  <u>v. Abbey</u>, 263 F.3d 1070, 1075 (9th Cir. 2001) (en banc):

> 3  [T]here is no constitutional due process right to have child witnesses in
> a child sexual abuse investigation interviewed in a particular manner, or
> 4  to have the investigation carried out in a particular way. Interviewers of
> child witnesses of suspected sexual abuse must be given some latitude in
> 5  determining when to credit witnesses' denials and when to discount them,
> and we are not aware of any federal law—constitutional, decisional, or
> 6  statutory—that indicates precisely where the line must be drawn.

7       In sum, the court grants the motion to dismiss the civil rights claim against

8  Defendants Mork and Golly.  The court also grants Plaintiff 15 days leave to amend

9  from the date of entry of this order, and advises him that the failure to state a claim in

10  a Second Amended Complaint may result in the dismissal of this claim against

11  Defendants Mork and Golly with prejudice.

12  **The Monell Claim**

13       County claims that Plaintiff fails to state a claim for municipal liability.[1]  Under

14  42 U.S.C. § 1983, "[e]very person" who acts under color of state law may be sued.  The

15  term "person" has been interpreted broadly, even to include cities, counties, and other

16  local government entities.  <u>See Monell v. New York City Dep't of Social Services</u>, 436

17  U.S. 658 (1978).  Municipalities, their agencies and their supervisory personnel cannot

18  be held liable under section 1983 on any theory of respondeat superior or vicarious

19  liability.  They can, however, be held liable for deprivations of constitutional rights

20  resulting from their formal policies or customs.  <u>See Monell</u>, 436 U.S. at 691-693;

21

22       [1] The court denies without prejudice County's motion to dismiss based upon the
23  argument that the new allegations contained in the FAC do not relate back to the
original complaint under Fed.R.Civ.P. 15(c)(1)(B) and are therefore time-barred by the
applicable statute of limitations.  County argues that the new allegations in the FAC - -
24  to the effect that Plaintiff's constitutional rights were violated when a medical
examination was conducted on C. M. - - arise from different transactional conduct or
25  occurrences.  Here, the medical examination allegations are sufficiently related to the
overall conduct alleged in the original complaint in the sense that Defendants were
26  concerned for C.M.'s welfare in light of Plaintiff's claim that C.M. was abducted and
potentially suffered abuse.  C.M. was transported to Polinsky for further investigation
27  into the potential mistreatment of C.M.  Viewing these allegations in the best light for
Plaintiff, the medical examination of C.M. must be seen in light of the broader
28  investigation of potential abuse.  In this sense, the claims are transactionally related.

Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986).

Locating a "policy" ensures that a municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell, 436 U.S. at 694).  Similarly, an act performed pursuant to a "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. (citing Monell, 436 U.S. at 690-691); see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal liability under §1983 may be shown if Plaintiff proves that employee committed alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity.").

In Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397 (1997) the Supreme Court made the causal prerequisite clear:  "it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." Id. at 404 (italics in original).

"To bring a § 1983 claim against a local government entity, a plaintiff must plead that a 'municipality's policy or custom caused a violation of the plaintiff's constitutional rights." Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles, 648 F.3d 986, 992-93 (9th Cir. 2011).  A plaintiff must show (1) he possessed a constitutional right of which he was deprived, (2) the municipality had a policy, (3) the

policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy is the "moving force behind the constitutional violation." Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006). "For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury," and the plaintiff must establish "that the injury would have been avoided had proper policies been implemented." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1190 (9th Cir. 2006).

Here, the FAC's allegations are too generalized and conclusory to state a claim. Plaintiff does nothing more than parrot the requirements for municipal liability. Plaintiff alleges that the County had "the regularly established customs and practices . . . carried out by Defendants [Mork and Golly] to remove children from their family without" Plaintiff's consent, a court order, exigent circumstances, or prior adequate investigation. (FAC ¶70). Further, the FAC then identifies that County had additional policies, customs, or practices to carry out medical examinations of minors without the parent's consent, judicial authorization, or a showing of immediate risk of harm, (FAC ¶70(e)); to act with "deliberate indifference to the rights of children and parents," (FAC ¶(f)); "to investigate violations of constitutional rights by social workers," (FAC ¶70(g)); and to permit social workers to assist the San Diego Police Department in seizing minors from their homes. (FAC ¶70(h)). Finally, Plaintiff alleges that County had the policy, practice, or custom to fail to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards. (FAC ¶74).

These allegations, the court concludes, fail to establish a claim beyond the speculative level. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 56 U.S. at 662. The boilerplate municipal liability allegations are insufficient to state a claim and to provide notice to County of official conduct giving rise to Plaintiff's claims. In large

part, the court notes the circularity of the allegations.  For example, Plaintiff alleges that County had a policy, custom, or practice to carry out medical examinations of minors because certain Defendants conducted a medical examination of C. M. Plaintiff does not identify the identity of any official policymaker who adopted the challenged "policies" or how County was the moving force behind allegations of unconstitutional conduct.  The court grants the motion with leave to amend.

In sum, the court grants the motion to dismiss with 15 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED:  July 10, 2015

Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

- 9 -

15cv0138