Shawn A. McMillan, Esq. – State Bar No. 208529
attyshawn@netscape.net
Stephen D. Daner, Esq. – State Bar No. 259689
steve.mcmillanlaw@gmail.com
Dennis B. Atchley, Esq. – State Bar No. 70036
dennis.atchley.mcmillanlaw@gmail.com
Adrian M. Paris, Esq. – State Bar No. 301355
adrian.mcmillanlaw@gmail.com
THE LAW OFFICES OF SHAWN A. MCMILLAN, APC
4955 Via Lapiz
San Diego, California 92122
Telephone:  (858) 646-0069
Facsimile:  (206) 600-4582

Attorneys for Plaintiff, Carlos McManus Sr.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS McMANUS SR., an individual,<br><br>           Plaintiff,<br><br>    vs.<br><br>COUNTY OF SAN DIEGO, a public entity; CITY OF SAN DIEGO, a public entity; POLICE OFFICERS ERNESTO LUNA (ID# 3779), MARI KONG (ID# 5850), SGT. THOMAS SULLIVAN (ID# 4676), SGT. ANTONIO JOHNSON (ID# 3816) Detective DAN BUROW (ID# 5268) and Lt. A. SMITH; SOCIAL WORKER DEFENDANTS JENNIFER MARK and WANJIRU GOLLY, CHARLES COX JR., an individual,  and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No: 15-cv-00138 JM RBB<br><br>**PLAINTIFF'S OBJECTION AND OPPOSITION TO THE CITY DEFENDANTS' NOTICE OF JOINDER**<br><br>Courtroom:  5D (Schwartz)<br>Judge:      Hon. Jeffrey T. Miller<br><br>Date:       August 31 2015<br>Time:      10:00 a.m. |

/ / /

/ / /

/ / /

1

# TABLE OF CONTENTS

I.      INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     FACTS & PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.     State Law Claims for Relief Against Cox. . . . . . . . . . . . . . . . . . . . . 1

    2.     Federal Law Claims for Relief Against the Remaining Police
           Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    3.     Nature of the Federal Claims and Structure of the Complaint . . . . . . 2

III.    LAW & ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    1.     Police Defendants are Not Entitled to a Stay Because Cox is Only a
           Witness, and Not a Necessary Party to Plaintiff's Federal Law Claims
           . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    2.     The State Law Claims Against Cox Are Not Intertwined with the
           Federal Claims Against the Police Defendants. . . . . . . . . . . . . . . . . . 5

    3.     Defendants Failed to Meet Their Burden. . . . . . . . . . . . . . . . . . . . . . 7

    4.     Defendants Request to Stay the Proceedings Based on This Court's
           Inherent Authority Must be Made by a Separate Noticed Motion. . . . 7

IV.     CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

***Federal Statutes:***

42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

50 USCS Appx § 525(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

***Federal Cases:***

*Calabretta v. Floyd,* 189 F.3d 808 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . 3

*Camreta v. Greene*, 131 S.Ct. 2020 (2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7 (D.D.C. 2004). . . . . . . . . . . . . . . 5

*Doe v. Heck*, 327 F.3d 492 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Garcia v. Grimm*, 2008 U.S. Dist. LEXIS 82894 (S.D. Cal. 2008). . . . . . . . . . . 5, 6

*Garver v. Washoe County*, 2011 U.S. Dist. LEXIS 137703 (D. Nev. 2011). . . . . . 3

*Jordan v. Cohen*, 2014 U.S. Dist. LEXIS 148331 (D.S.C. 2014). . . . . . . . . . . . . 6

*Keane v. McMullen*, 2009 U.S. Dist. LEXIS 10389 (N.D. Cal. 2009). . . . . . . . . 5, 6

*Mabe v. San Bernardino County, Dept. of Public Social Services,*
237 F.3d 1101, (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Santosky v. Kramer* 455 U.S. 745 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Troxel v. Granville*, 530 U.S. 57 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . 3

***California Cases:***

*Young v. Evans*, 62 Cal.App.2d 365 (1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

***State Cases:***

*Shire v. Superior Court*, 63 Ariz. 420 (1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# I. INTRODUCTION

Plaintiff's state law claims against Charles Cox Sr. are separate and discrete from the federal law claims against the Police Defendants. The claims at bar arise from different wrongs inflicted upon the Plaintiff, by different parties, at different points in time.

Cox is not a necessary party to McManus' federal law claims – Cox is only a witness. Plaintiff is entitled to the expeditious resolution of the his federal claims against the Police Defendants.

## II. FACTS & PROCEDURAL HISTORY

**1.    State Law Claims for Relief Against Cox**

Carlos McManus Sr. lived with his son, C.M., and had full legal and physical custody of him since 2005. (Second Amended Complaint ("SAC"), ¶28.) Cox knew that C.M. was Plaintiff's son. (SAC, ¶145.)

On January 22, 2013, Cox asked McManus if C.M. could spend the night at his house. (SAC, ¶30.) McManus refused. (*Ibid*.) Cox was not deterred. (SAC, ¶145.) Without McManus' knowledge, Cox lured C.M. from McManus' home, and abducted him. (SAC, ¶¶30, 146.)

McManus called the police and reported C.M.'s abduction. (SAC, ¶30.) The Police Defendants Luna, Kong, and Sullivan responded, and collected C.M. (SAC, ¶¶30-31.) This marked the end of Cox's involvement in the sequence of events which give rise to this case.

Based on his conduct, Plaintiff alleged three state law claims against Cox: (1) Child Abduction, (2) Intentional Infliction of Emotional Distress, and (3) Negligence. (SAC, ¶¶143-157.) Cox is the only Defendant subject to these state law tort claims. (*Ibid*.)

/ / /

1   **2.     Federal Law Claims for Relief Against the Remaining Police**
2   **Defendants**

3   After Cox's involvement ended, the Police Defendants Luna, Kong,
4   Sullivan, and Wills made an independent decision to seize C.M. from McManus'
5   custody without first obtaining judicial authorization. At the time of the seizure,
6   there was no evidence to suggest C.M. was in immediate danger of suffering
7   severe bodily injury at the hands of his father. (SAC, ¶¶31-37.)

8   After they seized C.M., the Police Defendants transported and delivered him
9   to Polinsky Children's Center. (SAC, ¶37.) The next day, Police Defendants
10  Burow and Johnson interrogated C.M. at the Polinsky Children's Center. (SAC,
11  ¶43.) In April 2013, Police Defendants Burow and Johnson interrogated C.M.
12  again, but this time at his school. (SAC, ¶¶47 and 49.) These interrogations were
13  performed without Plaintiff's knowledge or consent, without notice to the
14  Plaintiff, without a court order authorizing the examination, and in the absence of
15  exigent circumstances. (SAC, ¶¶43, 47, and 49.)

16  About a week later, on April 9, 2013, Defendant Burow again seized C.M.
17  from the Plaintiff's custody without first obtaining judicial authorization, under
18  circumstances where C.M. was not in immediate danger of suffering severe bodily
19  injury. (SAC, ¶53.)

20  The HHSA closed the referral, and did not initiate a dependency case
21  against McManus. (SAC, ¶¶45 and 60.)

22  **3.     Nature of the Federal Claims and Structure of the Complaint**

23  The Fourteenth Amendment protects the fundamental right of parents to
24  make decisions concerning the care, custody, upbringing, education, management,
25  and control of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000).

26  Equally fundamental are the closely related legitimate expectations of
27  parents, protected by the Fourteenth Amendment, that their familial relationship
28  will not be subjected to unwarranted state intrusion. *Santosky v. Kramer* 455 U.S.

745, 742 (1982). As a result, the right to familial integrity and association, is sheltered against the state's "unwarranted usurpation, disregard, or disrespect." *M.L.B. v. S.L.J.*, 519 U.S. 102, 106 (1996).

Constitutional protections are not interrupted or suspended during child abuse investigations. *Calabretta v. Floyd,* 189 F.3d 808, 817 (9th Cir. 1999); *Wallis v. Spencer*, 202 F.3d 1126, 1130 (9th Cir. 2000).

The Constitution requires a police officer to obtain a warrant before seizing a child from his parent's custody, unless there is "specific, articulable evidence" – at the time of seizure – that the child is in imminent danger of suffering serious bodily injury. *Wallis v. Spencer*, 202 F.3d 1126, 1136 and 1138 (9th Cir. 2000). This requires more than "probable cause." *Mabe v. San Bernardino County, Dept. of Public Social Services*, 237 F.3d 1101, 1108 n.2 (9th Cir. 2001). "Speculative danger [is] insufficient" to justify a warrantless seizure. *Garver v. Washoe County*, 2011 U.S. Dist. LEXIS 137703, 18-19 (D. Nev. 2011).

A warrantless, non-emergency interview and examination of an alleged victim of child abuse at her home violates constitutional rights. *See Calabretta v. Floyd*, *supra*, 189 F.3d at pp., 810-812, 817. Similarly, a constitutional violation has been found when a child is removed from class to be questioned by a social worker regarding alleged abuse.[1] *Doe v. Heck*, 327 F.3d 492, 509-510 (7th Cir. 2003).

As the Supreme Court put it: The Ninth Circuit Court of Appeals "adopted constitutional standards to govern all in-school interviews of suspected child abuse victims. And the [Ninth Circuit Court of Appeals] specifically instructed government officials to follow those standards going forward – to 'cease operating

---

[1] This is a violation of both the Fourth and Fourteenth Amendment. *Doe, supra*, 327 F.3d at 518 n.23. The same legal standard applies in evaluating the Fourth amendment claims of the child and the Fourteenth Amendment claims of the parent. *See, e.g., Wallis supra*, 202 F.3d at 1137 n.8.

on the assumption' that warrantless interviews are permitted. With the law thus *clearly established*, officials who conduct this kind of interview will not receive immunity in the Ninth Circuit."[2] *Camreta v. Greene*, 131 S.Ct. 2020, 2032 (2011)(emphasis added)(citations removed).

Based on the Police Defendants' conduct, Plaintiff alleged a federal claim against the individual Police Officer Defendants under 42 U.S.C. §1983. (SAC, ¶¶62-72 and 82-88.) A *Monell* claim is leveled against the City targeting constitutionally-deficient customs, policies, and practices that were the moving force behind the constitutional violation. (SAC, ¶¶123-142.)

### III. LAW & ARGUMENT

**1.  Police Defendants are Not Entitled to a Stay Because Cox is Only a Witness, and Not a Necessary Party to Plaintiff's Federal Law Claims**

The Service Members Civil Relief Act cannot be used as an instrument to delay proceedings against defendants that are not in military service. *Shire v. Superior Court*, 63 Ariz. 420, 425 (1945); 50 USCS Appx § 525(b). The Act does not apply to non-military individuals who merely want to bring the service member back to court to testify as a witness. *Young v. Evans*, 62 Cal.App.2d 365, 373 (1944).

Cox is not a necessary defendant to the federal claims, he is merely a witness. Police Defendants Luna, Kong, Sullivan, and Wills' made an independent decision to seize C.M. without first obtaining judicial authorization. (SAC, ¶31.) Cox did not participate in this seizure or in the Defendants' decision to seize C.M. (*Ibid*.) Cox merely provided information as a police witness.

---

[2] In light of the *Greene* decision, the State of Oregon revised its legal advice to child protective services workers wishing to interview children in schools. *Camreta, supra*, 131 S.Ct. at 2032.

1
2
Therefore, these proceedings should not be stayed for the Police
Defendants.

3
4
**2.     The State Law Claims Against Cox Are Not Intertwined with the
Federal Claims Against the Police Defendants**

5
6
7
Defendants argue that the federal claims against the Police Defendants and the state law claims against Cox are intertwined. (*See* Notice of Joinder, pg. 2, ln. 15 - pg. 3, ln. 4.) Defendants are incorrect.

8
9
10
11
12
13
14
The state law claims against Cox are separate and discrete from the federal claims against the Police Defendants. Indeed, the state law claims against Cox meet the criteria for severance. *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004). The state law claims and the federal law claims (1) arise from different factual occurrences and are transactionally unrelated, (2) present separate and discrete questions of law, and (3) will largely require different witnesses and documentary proof. *Disparte, supra*, 223 F.R.D. at 12.

15
16
17
18
19
20
Cox's liability generating involvement is limited to his abduction of C.M. (SAC, ¶¶30, 143-157.) This occurred before the Police Defendants Luna, Kong, and Sullivan even responded to McManus' 911 call. (SAC, ¶30.) In addition, the federal claims against Defendants Burow and Johnson target, in part, conduct that occurred in April 2013 – over two months after Cox's involvement ended.  (SAC, ¶¶47, 49, and 53.)

21
22
23
24
Defendants suggest that *Keane v. McMullen*, 2009 U.S. Dist. LEXIS 10389 (N.D. Cal. 2009) and *Garcia v. Grimm*, 2008 U.S. Dist. LEXIS 82894 (S.D. Cal. 2008) support their argument.[3] (*See* Notice of Joinder, pg. 2, ln. 15-20.) Defendants are incorrect, and these cases are distinguishable.

25
26
27
28

---

[3] Defendants' used the Westlaw citation for these cases, *i.e. Keane v. McCullen*, 2009 WL 331455 (N.D. Cal. 2009) and *Garcia v. Grimm*, 2008 WL 4629928 (S.D. Cal. 2008), but Plaintiff's counsel only has access to Lexis.

In *Keane* and *Garcia*, law enforcement defendants were sued under identical federal law claims for joint conduct that allegedly violated the plaintiffs' constitutional rights. *Keane, supra*, 2009 U.S. Dist. LEXIS 10389 at *4-5; *Garcia, supra*, 2008 U.S. Dist. LEXIS 82894 at *2. In each case, the Defendant that was recalled to military duty, was also the individual who supervised and led the remaining law enforcement defendants. *Keane, supra*, 2009 U.S. Dist. LEXIS 10389 at *3; *Garcia, supra*, 2008 U.S. Dist. LEXIS 82894 at *4. Thus, the proceedings were stayed for both the military and non-military law enforcement co-defendants because their liability generating conduct was integrally intertwined. *See, Keane, supra*, 2009 U.S. Dist. LEXIS 10389 at *11; *Garcia, supra*, 2008 U.S. Dist. LEXIS 82894 at *8. The circumstances here, are quite different.

Here, the state law claims against Cox are separate and discrete from the federal law claims against the Police Defendants. (SAC, ¶¶62-72, 82-88, and 143-157.) Cox cannot be held liable for the Police Defendants alleged conduct giving rise to the federal claim – and vice versa. *See, e.g.*, *Jordan v. Cohen*, 2014 U.S. Dist. LEXIS 148331, *26 (D.S.C. 2014).

Cox's only connection to the federal law claims is that he provided witness information to police officers. Indeed, if Cox was not a Defendant in this case, the federal law claims could still proceed against the Police Defendants. And, there would be no prejudice, because Cox could still be deposed.

The federal claims against the Police Defendants and the state law claims against Cox are *not* intertwined. Therefore, there is no basis for a stay of Plaintiff's claims against the government Defendants, including the Police Defendants, under the Service Members Relief Act.

/ / /

/ / /

**3.    Defendants Failed to Meet Their Burden**

Defendants failed to provide a declaration or any evidence to support their request, i.e. showing the nature of the testimony which Cox would give. Thus, their argument is insufficient to support a stay request. *Young, supra*, 62 Cal.App.2d at 373.

Defendants also failed to provide evidence that they would be unfairly prejudiced without Cox as a Defendant. Cox's testimony can still be obtained by deposition – and there is no evidence provided to show that his deposition can not be taken.

**4.    Defendants Request to Stay the Proceedings Based on This Court's Inherent Authority Must be Made by a Separate Noticed Motion**

In the alternative, Defendants ask this Court to stay the proceedings based on the Court's inherent power to control its calendar. (*See* Notice of Joinder, pg. 2, ln. 20-22.) But this issue is not raised or addressed in Cox's stay request. Due process requires that such a request must be made by noticed motion.

## IV. CONCLUSION

The state law claims against Cox are separate and discrete from the federal law claims against the Police Defendants. Cox is not a necessary party to the federal law claims – he is only a witness.

Plaintiff is entitled to the expeditious resolution of the his federal claims against the Police Defendants. Defendants request for joinder should be denied.

Dated: August 18, 2015          THE LAW OFFICES OF SHAWN A. MCMILLAN, APC

          /s/ Stephen D. Daner, Esq.          
Shawn A. McMillan, Esq.
Stephen D. Daner, Esq.
Dennis B. Atchley, Esq.
Adrian M. Paris, Esq.
Attorneys for Plaintiff, CARLOS McMANUS SR.

<u>**CERTIFICATE OF SERVICE**</u>
<u>**NOTICE OF ELECTRONIC FILING**</u>

*CARLOS McMANUS SR. vs. COUNTY OF SAN DIEGO, et al.,*
CASE NO. : 15-cv-00138-JM-RBB
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

I am employed in the County of San Diego, State of California. I am over 18 years of age and am not a party to the within action. My business address is 4955 Via Lapiz, San Diego, California 92122.

On August 18, 2015, I electronically filed the foregoing documents described as:

•    **PLAINTIFF'S OBJECTION AND OPPOSITION TO THE CITY DEFENDANTS' NOTICE OF JOINDER**

 <u>X</u>   **(BY ELECTRONIC FILING)**  I electronically filed with the Clerk of the Court a true and correct copy of the original as indicated above, and a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case. As listed on Attachment A.

And I hereby certify that I have mailed the foregoing documents as indicated above to the parties who are not registered for the CM/ECF system as following:

<u>**NO NON-ECF PARTIES**</u>.

Parties can access this filing through the Court's system.

Dated: August 18, 2015

<u>  /S/ Stephen D. Daner   </u>
Stephen D. Daner

**Attachment A**

| | |
|---|---|
| Tom Montgomery, Esq.<br>David Brodie, Esq.<br>1600 Pacific Highway, Room 355<br>San Diego, CA 92101-2469<br>Phone: (619) 531-4874<br>Fax: (619) 531-6005 | Defendants County of San Diego, Jennifer Mork, and Wanjiru Golly. |
| Jan I. Goldsmith, Esq.<br>David J. Karlin, Esq.<br>Office of the City Attorney<br>1200 Third Avenue, Suite 1100<br>San Diego, CA 92101-4100<br>Phone: (619) 533-5800<br>Fax: (619) 533-5856 | Defendants City of San Diego, Police Officers Ernesto Luna, Mari Kong, Sgt. Thomas Sullivan, Sgt. Antonio Johnson, Detective Dan Burow, Lt. A. Smith, and Sgt. Wills. |
| Robert C. Schlein, Esq.<br>Robert C. Schlein & Associates<br>750 B Street Suite 3210<br>San Diego, California 92101<br>Telephone: (619) 235-9026<br>Fax: (619) 22-1859 | Defendant Charles Cox, Sr. |