# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS McMANUS, SR., <br><br> Plaintiff, <br> v. <br> COUNTY OF SAN DIEGO; CITY OF SAN DIEGO; POLICE OFFICERS ERNESTO LUNA; MARI KONG; SGT. THOMAS SULLIVAN; ANTONIO JOHNSON; DETECTIVE DAN BUROW; LT. A. SMITH; SGT. WILLS; SOCIAL WORKER DEFENDANTS JENNIFER MORK; WANJIRU GOLLY; and CHARLES COX SR., <br><br> Defendants. | CASE NO. 15cv0138 JM(RBB) <br><br> ORDER AWARDING ATTORNEY'S FEES |

Pursuant to the settlement agreement between Plaintiff Carlos McManus, Sr. and Defendant County of San Diego ("County"), Plaintiff moves for an award of attorney's fees pursuant to 42 U.S.C. §1988. Plaintiff seeks an award of $86,046 in attorney's fees and $641.25 in costs. County argues that an award of $15,914.75 in attorney's fees is appropriate under the circumstances. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court awards attorney's fees in the amount of $37,196 and costs in the amount of $450.

**BACKGROUND**

On January 21, 2015, Plaintiff commenced this action by alleging five claims for relief: violation of 42 U.S.C. §1983, a Monell claim, child abduction, intentional infliction of emotional distress, and negligence. Plaintiff alleged claims against two public entities (the City of San Diego ("City") and the County) and nine individuals (six City police officers, two County social workers, and a civilian, Charles Cox, Jr.) Plaintiff alleges that his 14 year-old minor son, C. M., was removed from his care on two separate occasions. On or about January 23, 2013, Defendant Charles Cox, a private party, allegedly removed C. M. from Plaintiff's home against Plaintiff's wishes. (First Amended Complaint ("FAC") ¶29). Believing that Defendant Cox abducted C.M., Plaintiff reported the incident to Defendant City of San Diego Police Department. After the police officers obtained physical custody of C.M., they transported him to the Polinsky Children's Center ("Polinisky"). (FAC ¶31). At Polinsky, C. M. was interviewed by social workers and medical professionals conducted a medical examination of C. M. and found no signs of physical injury or abuse. (FAC ¶35-36). On April 9, 2013, Defendant San Diego Police Officer Johnson allegedly requested that Defendant Jennifer Mork, a social worker employed by County, assist in removing C. M. from Plaintiff's custody and transporting him to Polinsky. (FAC ¶42). Plaintiff alleges that Mork, and other Defendants,

> interviewed, questioned, interrogated, and/or examined C.M. This interview and examination was performed without Plaintiff's knowledge or consent, without notice to the Plaintiff, without a warrant or court order authorizing the examination, and in the absence of exigent circumstances. In addition, the Plaintiff was completely excluded from C.M.'s interview and examination, and was not permitted to be in close proximity or another nearby area.

Id. Also, on April 9, 2013, Defendant Golly, a social worker employed by County, interviewed C.M. without Plaintiff's approval, obtaining a warrant, or exigent circumstances. (FAC ¶49). On April 11, 2013, Golly also allegedly made an unannounced visit to C. M.'s school and interviewed him "without notice to Plaintiff, without a warrant or court order authorizing the examination, and in the absence of

exigent circumstances." (FAC ¶51).

On July 10, 2015, the court granted the motion to dismiss all claims alleged in the FAC, with leave to amend. On October 5, 2015, the court again granted the motion to dismiss the same claims in the Second Amended Complaint, with leave to amend. The Third Amended Complaint ("TAC") alleged four claims against employees of the County and City, four Monell claims against County and City, and three claims against Defendant Cox for child abduction, intentional infliction of emotional distress, and negligence. On September 4, 2015, the court stayed the action indefinitely as to Defendant Cox, an active duty service member, pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq. On June 30, 2016, the court granted the motion to dismiss Defendants Golly and Mork under qualified immunity principles and dismissed, without leave to amend, the third, fourth, and fifth causes of action.

The parties settled their dispute and, on March 20, 2017, Plaintiff executed an agreement to settle all remaining claims against County. Without admitting liability, the release provides, in pertinent part:

> For the sole consideration of payment of $3,521.56 (three thousand five hundred twenty one dollars and fifty-eight cents) plus payment of claimants reasonable costs and attorney's fees (in an amount to be determined by the Court) which he has incurred on the claims that remain against the County of San Diego (as determined by the Court in the Court's Order Granting Motion to Dismiss Claims Three, Four, and Five (ECF Doe. No.61)). . . .

(Daner Decl. Exh. D).

On May 10, 2017, the court granted the joint motion to dismiss County as a party and, on May 17, 2017, the court granted the joint motion to dismiss the City and City employees as parties (Defendants City of San Diego; Police Officers Ernesto Luna, Mari Kong, Sgt. Thomas Sullivan, Sgt. Antonio Johnson, Detective Dan Burow, Lt. A. Smith, and Sgt. Wills). The only remaining party to this action is Defendant Cox.

On October 30, 2017, the court denied Plaintiff's first request for attorney's fees as premature. (ECF 101). On March 26, 2018, the court granted Plaintiff's motion for entry of partial judgment. Plaintiff now renews his motion for attorney's fees and

- 3 -

15cv0138

costs.

**DISCUSSION**

At the outset, the court notes that there are no hard and fast formulas for determining the precise amount of any reasonable attorney fee award. Rather, in broad brush, the count considers the reasonableness of the fee award in light of the extent of success in the case. In awarding attorney fees and costs, this court is guided by those factors ordinarily considered in awarding attorney's fees under 42 U.S.C. §1988(b): the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of the case, the customary fee, the contingent or fixed nature of the fee, the time limitations imposed by the client or the case, the amount involved and the results obtained, the experience, reputation and ability of the attorney, the undesirability of the case, the nature of the professional relationship with the client, and awards in similar cases. Southeast Legal Defense Group v. Adams, 657 F.2d 1118 (9th Cir. 1981); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th cir. 1974).

In the case of a nominal jury award where fees are awarded pursuant to 42 U.S.C. §1988(b), the court also considers (1) the degree of success obtained; (2) significance of the legal issue on which the plaintiff claims to have prevailed; and (3) whether the award promotes some bona fide public goal. Guy, 608 F.3d at 590. 2004); Farrar v. Hobby, 506 U.S. 103 (1992). In Farrar, the Supreme Court held that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Id. at 114. In making this determination the court must "give primary consideration to the amount of damages awarded as compared to the amount sought." Id.

As part of the settlement agreement, Plaintiff and County have agreed that Plaintiff's counsel is entitled to "reasonable costs and attorney's fees (in an amount to be determined by the Court) which he has incurred on the claims that remain against the County of San Diego (as determined by the Court in the Court's Order Granting

Motion to Dismiss Claims Three, Four, and Five)." The two then remaining <u>Monell</u> claims against County were for alleged claims of unwarranted medical examination and unwarranted interrogations of C.M. (Claims Six and Seven).

At the time this case settled, the case was still in the pleading phase, and discovery had not yet commenced. Plaintiffs had filed four complaints against 13 Defendants. The claims asserted in each complaint are similar with the TAC setting forth four claims against the individual defendants, four <u>Monell</u> claims against County and City, and three claims against Defendant Cox. The basis for the claims that survived the pleading stage against County, Claims Six and Seven, existed at the time Plaintiff commenced this action. The court notes that three of Plaintiff's claims against Defendant Cox survive and will go forward once this litigation is no longer stayed pursuant to the Servicemembers Civil Relief Act. The attorney time spent by Plaintiff's counsel in pursuing Defendant Cox, City, and seven City Police officers is not compensable under the terms of the settlement agreement. Similarly, pursuant to the agreement between the parties, the time spent by counsel litigating claims against County that are unrelated to Claims Six and Seven are not compensable.

Plaintiff's counsel represents that they have spent 274.86 hours litigating this case and request, after voluntarily reducing the amount of hours ("for any billing errors or issues that were missed," Daner Decl. ¶24), compensation for 141.72 hours. While the court acknowledges and commends Plaintiff's counsel for this substantial reduction of hours, "billing errors" and "missed issues" elides factors the court should consider under §1988, even assuming they are non-binding given the "contractual" nature of this motion, as argued by Plaintiff. Given the inordinate amount of time spent at the pleading stage; the limited success of Plaintiff; the nature of the surviving claims; the dismissal of City and the City employees; the skill demonstrated by counsel in prosecuting this action; the ability of Plaintiff to pursue his claims against Defendant Cox, the only remaining party to this action; the knowledge and information obtained by Plaintiff that will be used for future litigation against Defendant Cox; and

recognizing that counsel prosecuting the civil rights of prevailing parties are entitled to fair compensation for their services, the court reduces the amount of requested compensable hours by 50%. The remaining 50% figure remains generous in light of Plaintiff "prevailing" on only a small fraction of his claims against County, without any admission of liability. The court thus concludes that Plaintiff's counsel is entitled to compensation for 70.8 hours for the claims litigated against County.[1]

The second component to determining the amount of attorney's fees is the hourly reasonable rate requested by counsel. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). For Adrian Paris, admitted to the California State bar in 2014, the court finds the rate of $300 per hour commensurate with his education, experience, and consistent with similar fees charged in the community and his fee history. (Paris Decl. ¶12). For Dennis Atchley, admitted to the California state bar in 1976, the court finds the rate of $600 per hour commensurate with his education, extensive experience, and consistent with similar fees charged in the community and his fee history. (Atchley Decl. ¶¶11-13). For Shawn McMillan, admitted to the bar in 2000, the court finds the rate of $700 per hour commensurate with his education, extensive experience, and consistent with similar fees charged in the community and his fee history. (McMillan Decl. ¶¶15-17). For Stephan Daner, admitted to the California State bar in 2008, the court finds the rate of $485 per hour commensurate with his education, moderate experience, and consistent with similar fees charged in the community and his fee history. (Daner Decl. ¶17).[2]

/ / /

/ / /

---

[1] The court rejects County's argument that Plaintiff is not entitled to reasonable compensation for preparing the fee motion. Accordingly, the court considered the fee motion hours before the 50% reduction in fees.

[2] With respect to the reasonableness of the rates, the court notes that County has not rebutted the proffered rates with evidence of lesser prevailing rates.

The following summarizes the fee award.

| ATTORNEY | HOURLY RATE | HOURS | FEE |
|---|---|---|---|
| Adrian Paris | $300 | 11.9 | $ 3,570 |
| Dennis Atchley | $600 | 32.4 | $19,440 |
| Shawn McMillan | $700 | 6.2 | $ 4,340 |
| Stephan Daner | $485 | 20.3 | $ 9,846 |
| TOTAL | | 70.8 | $37,196 |

In sum, the court awards attorney's fees in the amount of $37,196 and costs in the amount of $450.[3]

**IT IS SO ORDERED.**

DATED: July 27, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

[3] The court allows costs for filing and service fees. (Daner Decl. ¶31).